Carolyn Jane PRIEST, Plaintiff—
Appellant,

v.

RIBELIN LOWELL & CO. INSU-
RANCEBROKERS, INC., De-
fendant—Appellee.

No. 00–35863.

D.C. No. CV–99–00019–HRH.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2001 *.

Decided Dec. 11, 2001.

Before O'SCANNLAIN, GRABER, and
McKEOWN, Circuit Judges.

MEMORANDUM **

Plaintiff Carolyn Jane Priest filed this
action against Defendant Ribelin Lowell &
Co., alleging that the company failed to
compensate her for overtime as required

---

* This panel unanimously finds this case suit-
able for decision without oral argument.
Fed. R.App. P. 34(a)(2).

by the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219, and the Alaska Wage and Hour Act, Alaska Stat. §§ 23.10.050–.150. The district court granted summary judgment to Defendant on the ground that Plaintiff was an exempt administrative employee. On de novo review, we affirm.

A. *Salary Basis*

■ Plaintiff's first argument is that she was not paid on a salaried basis, which is a condition for the applicable exemption under both federal and state law. 29 C.F.R. § 541.2(e)(1); Alaska Admin. Code tit. 8, §§ 15.908, 15.910(a)(1). The company paid her a predetermined amount biweekly, which was never reduced for an absence of less than one day. However, when paying additional compensation for unused personal leave time at the end of each year, Defendant had a policy of taking into account absences of less than one day. Plaintiff asserts that this policy violated the salary-basis test.

This court squarely rejected Plaintiff's position in *Webster v. Public School Employees of Washington, Inc.*, 247 F.3d 910 (9th Cir.2001). Plaintiff relies on our earlier decision in *Abshire v. County of Kern*, 908 F.2d 483 (9th Cir.1990), but in that case we refused to answer the question posed here, *id.* at 487 n. 3; *Webster* later did so.

B. *Administrative Employee*

1. *Federal Law*

■ Because Plaintiff's $54,000 annual salary considerably exceeded $250 per week, the two-part "short test" applies. 29 C.F.R. § 541.2(e)(2).

The first half of that test is met here. Plaintiff's day-to-day responsibilities as the Computer Systems Manager required her to maintain Defendant's automated information system accurately and efficiently; serve as a liaison with the user group and system vendor; train staff members on using the system; troubleshoot; perform accuracy audits; maintain historical logs and system backup files; access the system's tracking and reporting capabilities; keep current on improvements in agency management systems; recommend appropriate updates to hardware, software, technical, and floor-plan configurations to ensure efficiency; determine the most cost-effective methods of accomplishing those updates; and carry out additional related administrative tasks such as developing a proposal for buying a new computer system and interviewing outside consultants in preparation for making a recommendation to Defendant's upper management. This partial list of her duties illustrates that Plaintiff's job related directly to the management policies and general business operations of Defendant's business.

The second half of the "short test" is met because Plaintiff's work required the exercise of discretion and independent judgment. As she acknowledged in her deposition, she exercised discretion and independent judgment "every day" in carrying out the kinds of tasks described above. The record gives many examples so illustrating. To name only three:

● Plaintiff designed and implemented a Year 2000 compliance program with only minimal oversight by upper management.

● She had the authority to make significant financial decisions about the maintenance of the computer system.

● She undertook, on her own initiative, a series of benchmark tests designed to identify ways to increase productivity.

2. *State Law*

Plaintiff also met the requirements of Alaska Administrative Code title 8, § 15.910(a)(1). The state requirements that parallel the federal ones are met for

the reasons discussed above. The additional state requirements also are met because:

- Plaintiff performed work under only general supervision.
- She regularly and directly assisted Defendant's exempt executive employees.
- She worked in a specialized or technical area that required special training, experience, or knowledge.

AFFIRMED.

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.